Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Lucky Horse Press LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

LUCKY HORSE PRESS LLC,

                Plaintiff,

     v.

EARTHBOUND TRADING COMPANY, L.P.,
NOVA, INC., and DOES 1-10,

                Defendants.
_____

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Lucky Horse Press LLC ("Lucky Horse" or "Plaintiff") by its attorneys Kushnirsky Gerber PLLC, for its complaint against defendants Earthbound Trading Company, L.P. ("Earthbound"), Nova, Inc. ("Nova") and Does 1-10 (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

      1.    Lucky Horse is an independent design studio based in Woodbridge, New Jersey. Lucky Horse sells enamel pins, greeting cards, embroidered patches, and other products, all featuring the original designs of owner and operator Michele Lee.

      2.    Lucky Horse sells its products through its website at www.luckyhorsepress.com, its Etsy storefront at www.etsy.com/shop/luckyhorsepress and at hundreds of retailers throughout the United States and around the world.

1

3.   One of Lucky Horse's most popular designs is "Far Out" (the "Original Image"), as shown below.



4.   Lucky Horse has created a variety of products featuring the Original Image, including an enamel pin (the "Original Pin"), as shown below.



5.   Earthbound and Nova created an enamel pin that is substantially similar to the Original Image (the "Infringing Pin"). Earthbound sold the Infringing Pin on its website and in its retail stores.

6.   Lucky Horse asserts claims for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq.* (the "Copyright Act") and removal of copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*

(the "DMCA"). Lucky Horse seeks actual damages, statutory damages, injunctive relief, and recovery of its costs and attorneys' fees.

## JURISDICTION AND VENUE

7. This is an action for copyright infringement under the Copyright Act and violations of the DMCA. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over all Defendants pursuant to Federal Rule of Civil Procedure 4 and N.Y. C.P.L.R. §§ 301 and 302. Defendant Nova has its principal place of business in New York. Defendants have transacted business in New York and in this District and routinely ship goods to consumers here. Each of the Defendants has also committed acts outside of New York that caused injury to Plaintiff within New York and this District; regularly does or solicits business in New York and this District; derives substantial revenue from goods used or services rendered in New York and this District; expects or reasonably should expect its infringing conduct to have consequences in New York and this District; and derives substantial revenue from interstate commerce.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants do business here, committed unlawful acts that caused damage here, and are subject to personal jurisdiction here.

## PARTIES

10. Plaintiff Lucky Horse is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business in Woodbridge, New Jersey. Owner Michele Lee operates several online storefronts and sells products to consumers throughout the United States and the world through the Lucky Horse entity.

11. Defendant Earthbound is a company organized and existing under the laws of the State of Texas with its principal place of business in Grapevine, Texas. Earthbound owns and operates the ecommerce website www.earthboundtrading.com and over one hundred retail locations throughout the United States. Earthbound markets and sells apparel, accessories, and home goods directly to consumers in New York.

12. Defendant Nova is a domestic business corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York. Nova creates, manufactures, distributes, advertises, offers for sale, and sells accessories and other products to retailers, including Defendant Earthbound.

13. Defendants Does 1-10 are entities whose identities are unknown to Plaintiff at this time. In connection with the named Defendants and their activities described herein, Does 1-10 have designed, manufactured, distributed, advertised, offered for sale, and/or sold the Infringing Pin, and continue to do so. Plaintiff believes that information obtained in discovery will lead to the identification of the true identities and locations of Does 1-10 and will permit Plaintiff to amend this Complaint to state the same.

## FACTUAL BACKGROUND

### I. Michele Lee and Lucky Horse

14. Ms. Lee is an independent artist and illustrator who supports herself primarily through sales of enamel pins, patches, greeting cards, and other products featuring her original artwork and designs. She sells these items through the Lucky Horse website at www.luckyhorsepress.com, her Lucky Horse storefront on the online platform Etsy, several third-party websites, and hundreds of retailers throughout the United States and around the world.

15. In 2015, Ms. Lee created the Original Image, as shown below, to feature in a range of the products sold by Lucky Horse.

4



16. Ms. Lee obtained federal Copyright Registration No. VA0002059711 effective August 18, 2016.

17. Lucky Horse created the Original Pin, as shown below, featuring the Original Image.



18. The Lucky Horse logo is printed on the back of the Original Pin.

19. The purpose of this identifier is to provide copyright management information identifying Lucky Horse as the rightful owner of the copyright and derivative works thereof.

## II. Defendants' Willful Infringement

20. Defendant Nova created, advertised, and sold the Infringing Pin, an enamel pin featuring artwork that is substantially similar to the Original Image, as shown below.

5



21. To create the Infringing Pin, Defendant Nova copied the Original Image and the Original Pin.

22. Moreover, in creating the Infringing Pin, Defendant Nova intentionally removed copyright management information from the Original Image in order to conceal the true owner of the copyright. Had Defendants included Lucky Horse's name on the Infringing Pin, it would have been easier for consumers to identify the true source of the artwork and readily flag this infringement.

23. Defendant Earthbound has advertised the Infringing Pin for sale on its website and sold the Infringing Pin to consumers throughout the United States and around the world.

24. Defendants have unlawfully benefited from their willful infringement of Ms. Lee's original design. Lucky Horse has been significantly damaged by Defendants' unlawful uses of the Original Image, and it has been forced to file this Action in order to protect its rights and Ms. Lee's livelihood.

**FIRST CLAIM FOR RELIEF**
**<u>COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501,</u>** *<u>et seq</u>*<u>.</u>
**(Against All Defendants)**

25. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 24 above, and incorporates them herein by this reference.

26. Plaintiff is the legal owner of all right, title, and interest in the Original Image, including the copyright in that work.

27. Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Image without the consent, permission, or authority of Plaintiff.

28. Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of sections 106 and 501 of the 17 U.S.C. §§ 106 and 501.

29. Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to the rights of Plaintiff.

30. As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

31. As a result of the infringement that began in and stemmed from the United States, Defendants have unlawfully profited in the United States and around the world.

32. Plaintiff is entitled to its actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504. Plaintiff may also elect, at any time before final judgment is rendered, to receive statutory damages and attorneys' fees in connection with Defendants' willful infringement, pursuant to 17 U.S.C. § 504.

33. Defendants will continue to willfully infringe Plaintiff's rights in the Original Image unless restrained by the Court. Plaintiff is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF
## <u>REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(b)</u>
**(Against Defendant Nova)**

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 33 above, and incorporates them herein by this reference.

35. The Original Pin and its packaging include conspicuous copyright management information, which is conveyed in connection with the artwork and products featuring the artwork and is protected under 17 U.S.C. § 1202(b).

36. Upon information and belief, in the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Original Pin without the consent, permission, or authority of Plaintiff, Defendant Nova intentionally removed Plaintiff's copyright management information from the Original Pin.

37. Upon information and belief, Defendant Nova distributed and imported for distribution unauthorized copies of the Original Pin with the intent and knowledge that copyright management information had been removed therefrom.

38. Upon information and belief, Defendant Nova intentionally removed Plaintiff's copyright management information and distributed and imported the Infringing Pin with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

39. Upon information and belief, Defendant Nova distributed the Infringing Pin knowing that the copyright management information had been removed from the Original Pin, and with the knowledge that doing so would induce, enable, facilitate, or conceal the infringement of Plaintiff's rights under the Copyright Act.

40. Defendant Nova engaged in these activities without the consent or authorization of Plaintiff.

41. Plaintiff has been injured as a result of Defendant Nova's multiple violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Pin, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

**WHEREFORE**, Plaintiff Lucky Horse Press LLC demands judgment as follows:

1. Awarding Plaintiff $150,000 in statutory damages in connection with Defendants' willful copyright infringement and awarding Plaintiff costs and attorneys' fees, or, in the alternative, awarding Plaintiff actual damages in connection with this infringement;

2. Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b), ordering the impounding of all existing copies of the Infringing Pin under 17 U.S.C. § 1203, and awarding Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

3. Granting an injunction that permanently restrains and enjoins Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Pin or any unlawful copy of the Original Image; and

4. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated:   New York, New York                     Respectfully Submitted,
         August 19, 2017

                                                KUSHNIRSKY GERBER PLLC

                                                By: _____
                                                Andrew Gerber (AG 0779)
                                                Ilya Kushnirsky (IK 3899)
                                                andrew@kgfirm.com
                                                ilya@kgfirm.com

27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320

*Attorneys for Plaintiff*
*Lucky Horse Press LLC*

Case 1:17-cv-06295-PGG   Document 1   Filed 08/19/17   Page 10 of 10